UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LASERMAX, INC.,

                        Plaintiff,              05-CV-6494T

        v.                                      **ORDER**

CRIMSON TRACE CORPORATION,

                        Defendant.
_____

        Plaintiff Lasermax, Inc. ("Lasermax") brings this action
against Defendant Crimson Trace Corporation ("Crimson Trace")
seeking a declaratory judgment that its advertising does not
violate the Lanham Act, codified at 15 U.S.C. § 1125.
Specifically, Lasermax contends that Crimson Trace as threatened
legal action against Lasermax based on the content of Lasermax's
advertisements, which Crimson Trace contends are false, misleading,
and deceptive.  As a result of the threatened legal action,
Lasermax seeks a declaration from this court that its
advertisements are not false or deceptive, and not in violation of
the Lanham Act.

        Defendant moves to dismiss the Complaint on grounds that there
is no case or controversy between the parties because Crimson Trace
never threatened to sue Lasermax for violations of the Lanham Act,
and therefore there is no basis for jurisdiction over this
declaratory judgment action.  In support of its motion, Crimson
Trace has represented to the court that it "has agreed not to

pursue a Lanham Act claim against plaintiff [Lasermax]. . . ."
Defendant's Reply in Support of Defendant's Motion to Dismiss
(docket item 10).

Plaintiff opposes defendant's motion, and cross-moves to amend
the Complaint to add causes of action seeking declaratory relief
under New York State Law.  Specifically, Lasermax seeks permission
to file an Amended Complaint seeking a declaration that its
advertising does not violate any state statutory or common law.

For the reasons set forth below, I grant defendant's motion to
dismiss, and grant plaintiff's motion to amend.  It is clear from
the correspondence attached to plaintiff's Complaint that the
defendant never threatened to bring legal action against Lasermax
pursuant to the Lanham Act, nor alleged any violation of the Lanham
Act on the part of the plaintiff.  Accordingly, there is no basis
for considering plaintiff's request for a declaration that its
advertising does not violate the Lanham Act.

Plaintiff contends that the court should not dismiss the
Complaint because resolution of the Lanham Act issue *could* resolve
potential state-law claims that Crimson Trace has threatened to
bring (but has not brought) against Lasermax.  Plaintiff's
speculative claim, however, is no basis for asserting jurisdiction
over a federal claim where there is no federal case or controversy.

Finally, plaintiff cross-moves for permission to amend the
Complaint to add causes of action in diversity for declaratory

judgments pursuant to New York State law declaring that its advertisements do not violate New York Law.  Because the Court can not at this juncture state that as a matter of law there is no basis for such an action, plaintiff's motion to amend is granted, subject to any and all defenses available to the defendant, including lack of jurisdiction, and failure to state a cause of action upon which relief can be granted.

For the reasons set forth above, I grant defendant's motion to dismiss plaintiff's Complaint, and grant plaintiff's motion to amend.  Should plaintiff choose to file an Amended Complaint, plaintiff must do so within 21 days of the date of this Order. Should plaintiff file an Amended Complaint, such Complaint shall not include any request for declaratory relief pursuant to the Lanham Act.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          November 3, 2006